Next case this morning, United States v. Davis, No. 245018. This court has used the juvenile status offense adopted in Archuleta, which includes the fact that an offense must occur by someone who is under the age of 18. This court has used the juvenile status offense adopted in Archuleta, which includes the fact that an offense must occur by someone who is under the age of 18. It must include conduct that would be legal but for the defendant's age. And it must be non-serious in nature. The non-serious in nature part is the piece that's critical here. Mr. Davis wants you to focus on the first two factors, which is age-specific only. However, when you focus on that third factor, the seriousness can vary from jurisdiction to jurisdiction. By creating a categorical approach that, or not a categorical approach, but a categorical finding that unlawful consumption is by per se a juvenile status offense is unfair. Serious in nature has much to do with the circumstances of the crime just as much as it does the punishment. And in this case, Illinois just categorically punishes anything, all adult crimes with imprisonment of up to one year. I mean, this is not some reasoned determination by the Illinois legislature that underage drinking by anybody under the age of 21 is a very serious offense. There's no, nothing like that here. And the circumstances of this particular crime certainly don't, under any common sense definition, come within a serious offense. He's at a residence and there's underage drinking going on. I think that that a bit misrepresents what happened respectfully, Your Honor. Well, do you see my point about the word serious? It's not just about punishment. Absolutely. And seriousness does also contemplate the underlying conduct. And that is clear across the cases as it references the third prong of a juvenile status offense as well as the fourth and fifth factors of the multi-factor common sense approach that courts can consider the underlying conduct. Well, speaking of the multi-factor common sense approach, it's interesting to me, and I'm with Judge Kelley, about what does common sense mean if it doesn't mean that in this case these two offenses are essentially similar. I mean, they're almost, they're essentially identical. And the comment doesn't say the common sense approach requires you to take all of these factors into account and you've got to give particular consideration to any one of them. It says you've got to, the court should use a common sense approach. That includes consideration of relevant factors such as, and then it lists these factors. I don't even think you have to look at these factors, according to the comment. It's what's relevant in that particular case. And what would a common sense approach be in this case? And wouldn't it be to say, huh, underage drinking isn't a whole lot different between, you know, 18 and under and 21 and under. And in fact, perhaps it's even more significant for someone 18 and under than 21 and under. I think that it's more dangerous for someone under 18 and under to be drinking. However, that does not make them more culpable than someone who is over 18. An individual who is 18 to 20 years old who is drinking is more culpable than their juvenile counterpart. And that's the critical distinction here. While you do not have to consider, and no court's required to consider the common sense multi-factor approach, they are actually factors that help establish whether or not the offense is serious. But apart from, I understand your argument about culpable being tied to age. But just looking, again, at conduct, whether it's, if it's a 17-year-old, no punishment or at least no jail. 21-year-old, no punishment, no jail. 18 to 20, punishment, jail. But same conduct across the board. Doesn't that make it all similar? I disagree, Your Honor, because there are factors taken into place by individual state legislatures. Specifically, they did this in Illinois where they believed that juveniles were less culpable and therefore. Well, I wasn't, again, I was limiting my question only to the conduct part. I know that if you move to other factors, you're going to be able to make some arguments. But I'm just, on the seriousness of the, just the conduct, what happened, is there really any material difference? 17-year-old, 19-year-old, 21-year-old, doing the exact same thing. I acknowledge that they're the exact same conduct. However, the age does play a fact into culpability. I disagree with Mr. Davis that individuals 18 to 20 are somehow less culpable than their juvenile counterparts. In this specific case, the law enforcement were called to an apartment building based on an underage drinking party. Now, they don't say it in the reports, but that suggests that there was some type of a disturbance that occurred at this apartment. That's not the bland house get-together described by Mr. Davis. Moreover, that one of that, the least- You're totally guessing it now. The record doesn't support that. Your Honor, the record does reflect the fact that law enforcement were called based on an anonymous tip that there was an underage drinking party at an apartment complex. And if the kid had been 15, they would have said, go on home and don't do it again. What's similar and what's common sense mean? Common sense in this case, and based on Mr. Davis' conduct, would mean that Mr. Davis, at the time that he was in that apartment, the apartment holder acknowledged that there were underage children in the apartment prior to law enforcement arriving. Mr. Davis was a convicted sex offender and required to register. We're not talking about this, we're talking about the history. We're going to the history that resulted in his ultimate sentence. And if we look at just what he did, he's in jail, he deserves to be in jail. But calculating the right, coming up with the right calculation is the issue. And I agree, Your Honor. And the court is not required to take any of these factors. No factor is dispositive. Obviously, the government believes that the punishment Mr. Davis received in this case and the range of punishment contemplated by the state of Illinois are the most important factors. Well, did it? Did it decide that? I mean, I'm back to the point that was raised earlier about whether the court even really said why the offense was not similar to a juvenile status offense. I mean, we really don't have much to go by in terms of where the district court came out on this. You're taking us through all these factors, but did the court even go through that analysis? The court didn't go through the full analysis. The court did, however, go through one of the factors. That's factor three of the common-sense approach, which is comparing the elements of the offense. The court chose to – did engage in an analysis of whether or not that was a juvenile status offense. Now, he didn't – the court did not technically compare that with – or engage in a similarity analysis. Which means it didn't go through the proper analysis. I mean, that's just clear here. I have another question. If this individual had been five months older and he had drank huge amounts of whatever, and he's out in public and he's publicly intoxicated and he'd been arrested for public intoxication and convicted, that wouldn't count, would it? That would be excluded under – It would be excluded. Yes, Your Honor. Under what common-sense approach does that make any sense to you? I am hesitant to compare Mr. Davis. Well, you have to, because we're talking about common sense here. Correct. But Mr. Davis was not publicly intoxicated in this case. Right. But you were talking about how egregious a conduct it was to be at this party and underage drinking, and to me, public intoxication is included in the list of prior convictions that are never counted. Never counted. So he could have been any age above the age of 18, and it wouldn't matter. That public intoxication, no matter how intoxicated he was, would not have counted. That would be correct. But it's going to count. This is going to count, because he was underage drinking in a residence. And the argument is that's not similar to underage drinking by an 18-year-old or someone under the age of 18. It just – it's kind of nonsensical, frankly. And Mr. Davis was not, in fact, drinking in public, so I disagree that public intoxication would be the appropriate comparison. I'm just – I'm saying it doesn't make sense that a crime like public intoxication is included on the list if a crime like underage drinking is not – you know, it's similar in the sense that it's even more similar to a crime that is included. Juvenile status offenses like underage drinking. So I just – I'm struggling to see why this isn't similar using a common-sense approach. A crime that is also included in 4A1.2C1 is disturbance of the peace. And if someone was in their private home drinking and engaging in a party, and that party disturbed the other residents, then that would be disturbance of the peace. And Mr. Davis' conviction would qualify under that. He received a 60-day sentence, two years of conditional discharge, and a fine. That would more than qualify for inclusion under C1 based on disturbance of the peace. And disturbance of the peace would be a better representation than public intoxication in this case because Mr. Davis was, in fact, in a private residence and was not publicly intoxicated. So where are you if this court finds error? Where are you on harmless error? Your Honor, we did not raise harmless error mainly because, and I agree with Mr. Davis in this point, if the guidelines were miscalculated, they do, in fact, need to be calculated. And I appreciate Judge Kelly's comment earlier about Judge Heil, the district court, upward varying in this case. However, he did upward vary a set number of levels from the established guideline range. Your Honor, I see I am out of time. May I finish my answer? Please do. He varied upward from the established guideline range, and therefore if the guidelines were not correctly calculated, that would need to happen. Thank you. Thank you, Your Honor. Thank you, counsel. I think we have some rebuttal time. Unless there are questions. All right, thank you. The case will be submitted. This time both counselors are excused.